BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
ANDRÉ BIROTTE JR.
United States Attorney
JOHN R. TYLER
Assistant Director, Federal Programs Branch
KATHRYN L. WYER (Utah Bar #9846)
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel. (202) 616-8475/Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| HUMAN RIGHTS WATCH,<br><br>        Plaintiff,<br><br>    v.<br><br>DRUG ENFORCEMENT<br>ADMINISTRATION et al.,<br><br>        Defendants. | NO. CV 2:15-2573 PSG (JPR)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR EXPEDITED HEARING**<br><br>Date:<br>Time:<br>Courtroom 880 – Roybal<br>Hon. Philip S. Gutierrez |

Pursuant to the deadline identified in the parties' Joint Proposed Stipulation (ECF No. 21), Defendants hereby respectfully submit their opposition to Plaintiff's Request for Expedited Hearing of Plaintiff's Motion for Expedited Discovery. Plaintiff's Request fails to identify good cause to accelerate the schedule for consideration of Plaintiff's Motion.

Contrary to Plaintiff's suggestion, there is no particular urgency regarding Plaintiff's Motion for Expedited Discovery that requires expedited hearing of that

Motion. Indeed, the very premise underlying the Complaint in this case is fundamentally flawed. Plaintiff in this case challenges an allegedly ongoing program of bulk telephone metadata collection by the Drug Enforcement Administration ("DEA") pursuant to 21 U.S.C. § 876. *See* Compl. ¶ 28. Plaintiff asks the Court to "permanently enjoin" the continuation of such metadata collection, as well as the "future search, use, or dissemination" of such metadata. Compl. at 16-17. However, the very document that Plaintiff relies on for the notion that such collection is ongoing – a declaration by a DEA employee that is attached to Plaintiff's Complaint as Exhibit A and cited therein – clearly states that the database that Plaintiff seeks to challenge "is no longer being queried for investigatory purposes, and information is no longer being collected in bulk pursuant to 21 U.S.C. § 876." Compl. Ex. A, at 2-3 (Declaration of Robert Patterson ¶ 6). There is therefore nothing for the Court to enjoin. For that reason alone, Plaintiff's request for accelerated consideration should be denied. Plaintiff's asserted need to seek a preliminary injunction is utterly lacking in any plausible foundation and thus does not support its request for an expedited hearing.

Moreover, based in part on the fact that there is no ongoing activity to enjoin, injunctive relief cannot possibly redress Plaintiff's asserted injuries. For this reason among others, Defendants intend to move to dismiss this case for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Defendants will explain in their supporting memorandum that Plaintiff lacks standing to seek prospective relief. If Defendants prevail in their Motion and this case is dismissed, there will be no basis for Plaintiff to seek discovery, expedited or otherwise. And if the Court agrees that Plaintiff has no standing to seek a permanent injunction, there would clearly be no basis for Plaintiff to seek a temporary injunction on a preliminary basis.

The deadline for Defendants to respond to the Complaint in this case is June 15, 2015, and Defendants anticipate filing their Motion to Dismiss at that time. The

1    Court should make a determination regarding Plaintiff's standing and the Court's
2    subject matter jurisdiction before considering whether discovery is warranted, on
3    an expedited basis or otherwise. At the very least, the Court should allow briefing
4    on Defendant's anticipated Motion to Dismiss to go forward as scheduled before
5    considering whether expedited discovery is warranted. Plaintiff has not identified
6    any prejudice that would result from allowing Plaintiff's Motion for Expedited
7    Discovery to be heard on the originally proposed schedule, with a hearing date of
8    July 13, 2015. Such a schedule would allow briefing on the two Motions –
9    Plaintiff's Motion for Expedited Discovery and Defendants' Motion to Dismiss, to
10   proceed roughly in tandem.

11           On the other hand, Defendants would be prejudiced by expedited
12   consideration, particularly if discovery were allowed before the Court's subject
13   matter jurisdiction is established. As Defendants will explain in greater detail in
14   opposition to Plaintiff's Motion for Expedited Discovery, the discovery that
15   Plaintiff seeks regarding past DEA collection of telephone metadata that is no
16   longer taking place is burdensome as well as irrelevant to Plaintiff's claims for
17   prospective relief. Moreover, Plaintiff's Motion, and its subsequent request to
18   expedite consideration of that Motion, seek to disrupt the orderly progression of
19   the case, requiring Defendants to provide brief previews of their intended
20   arguments before having the opportunity to present their Motion to Dismiss, or
21   their opposition to Plaintiff's Motion for Expedited Discovery, in full. Defendants
22   respectfully suggest that the Court should have the benefit of full briefing of the
23   relevant arguments, particularly in regard to the Court's subject matter jurisdiction,
24   before making a determination whether expedited discovery is warranted.
25   Accordingly, Defendants request that the Court deny Plaintiff's Request for
26   Expedited Hearing of its Motion for Expedited Discovery.[1]

27
28   [1] Should the Court nevertheless grant Plaintiff's Request, Defendants request that
     the hearing on Plaintiff's Motion for Expedited Discovery not be set for July 6,

Dated:  May 12, 2015          Respectfully submitted,


BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
ANDRÉ BIROTTE JR.
United States Attorney
JOHN R. TYLER
Assistant Director, Federal Programs Branch

 /s/ Kathryn L. Wyer
KATHRYN L. WYER (Utah #9846)
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel. (202) 616-8475/Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for the Defendants*

2015, due to previously-arranged vacation plans of undersigned counsel for
Defendants, as explained in the previously-filed Joint Proposed Stipulation (ECF
No. 21). As explained in that filing, Plaintiff had previously agreed to Defendants'
earlier request not to notice the hearing for that date.