BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
EILEEN DECKER
United States Attorney
JOHN R. TYLER
Assistant Director, Federal Programs Branch
KATHRYN L. WYER (Utah Bar #9846)
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel. (202) 616-8475/Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMAN RIGHTS WATCH,<br><br>       Plaintiff,<br><br>  v.<br><br>DRUG ENFORCEMENT<br>ADMINISTRATION et al.,<br><br>       Defendants. | NO. CV 2:15-2573 PSG (JPR)<br><br>**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**<br><br>Hearing Date:  July 13, 2015<br>Hearing Time: 1:30 p.m.<br>Courtroom:    880 – Roybal<br>Hon. Philip S. Gutierrez |

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................. iii

INTRODUCTION .............................................................................................1

BACKGROUND ...............................................................................................2

ARGUMENT ....................................................................................................5

   I.     NO DISCOVERY IS APPROPRIATE IN THIS ACTION BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS ...................................................................... 5

   II.    EVEN IF THE COURT HAD JURISDICTION, PLAINTIFF HAS NOT MADE THE REQUISITE SHOWING TO JUSTIFY EXPEDITED DISCOVERY ................................................................. 6

       A.    Plaintiff's Assertion That It May File a Preliminary Injunction Does Not Justify Expedited Discovery ...................................... 7

       B.    Plaintiff's Asserted Need To Identify Additional Unnamed Defendants Does Not Justify Expedited Discovery ................ 10

       C.    Responding to Plaintiff's Proposed Discovery Requests Would Be Unduly Burdensome .......................................................... 13

CONCLUSION .............................................................................................14

# TABLE OF AUTHORITIES

**Page**

## CASES

*Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063 (C.D. Cal. 2009)...............6, 7, 8

*Apple Inc. v. Samsung Elec. Co.*,
    No. 11-1846, 2011 WL 1938154 (N.D. Cal. May 18, 2011) ........................8

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) .................................................9

*Avo Multiamp Servs. Corp. v. Technical Diagnostic Servs., Inc.*,
    No. 97-3168, 1998 WL 25568 (N.D. Tex. Jan. 14, 1998)..............................8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................9

*Burns v. City of Alexander City*, 2014 WL 2440981 (M.D. Ala. May 30, 2014) .....6

*Camargo v. Miltiadous*,
    No. 14-4490, 2015 WL 1951799 (N.D. Cal. Apr. 29, 2015) ........................11

*Clapper v. Amnesty Int'l, USA*, 133 S. Ct. 1138 (2013) .......................................4, 9

*Ervine v. Desert View Regional Med. Ctr. Holdings, LLC*,
    753 F.3d 862 (9th Cir. 2014) ........................................................................12

*Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 19 L.Ed. 264 (1868) ............................7

*Facebook, Inc. v. Various, Inc.*,
    No. 11-1805, 2011 WL 2437433 (N.D. Cal. June 17, 2011) ........ 7, 10, 11-12

*Gordon v. City of Moreno Valley*, 687 F. Supp. 2d 930 (C.D. Cal. 2009) ..............12

*Interserve, Inc. v. Fusion Garage PTE, Ltd.*,
    No. 09-5812, 2010 WL 143665 (N.D. Cal. Jan. 7, 2010) ............................8

*Lion Raisins, Inc. v. Fanucchi*, 788 F. Supp. 2d 1167 (E.D. Cal. 2011) ..................5

iii

*NobelBiz, Inc. v. Wesson*,
  No. 14-832, 2014 WL 1588715 (S.D. Cal. Apr. 14, 2014) ...........................8

*Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982)........................................6

*Platinum Mfg. Intern'l, Inc. v. UniNet Imaging, Inc.*,
  2008 WL 927558 (M.D. Fla. April 4, 2008) ....................................7

*Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*,
  213 F.R.D. 418 (D. Colo. 2003) ....................................7

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999) ...........................5

*Semitool, Inc. v. Tokyo Electron America, Inc.*,
  208 F.R.D. 273, 276-77 (N.D. Cal. 2002) ....................................8

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) ...................5

*U.S. CFTC v. Crabapple Capital Group LLC*,
  2012 WL 2930224 (N.D. Ga. April 19, 2012) ................................6

*Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012).................5

## **STATUTES**

21 U.S.C. § 876 ...........................................................1, 2, 12, 13

## **INTRODUCTION**

Plaintiff in this case seeks to enjoin the alleged collection and use by the Drug Enforcement Administration ("DEA") and other agencies of bulk telephony metadata that, prior to September 2013, the DEA had obtained pursuant to 21 U.S.C. § 876. Plaintiff also asks this Court to declare that the DEA's past collection scheme is unconstitutional under the First and Fourth Amendments. However, as Defendants have explained in their recently-filed motion to dismiss, *see* Dkt. No. 24, Plaintiff lacks standing to raise these claims because the alleged collection scheme ended before Plaintiff brought this action; the DEA database where the collected telephony metadata was stored had been purged prior to that date; and the database no longer exists. Plaintiff therefore cannot plausibly allege a certainly impending injury fairly traceable to the discontinued collection scheme, and redressable by the prospective relief that it seeks.

Nevertheless, having failed to set forth plausible assertions of an injury-in-fact sufficient to support standing at the pleading stage, Plaintiff now claims the need for expedited discovery so that it can decide whether to seek a preliminary injunction to halt any "ongoing access" to the previously-collected bulk telephony metadata that, it speculates, may be uncovered through its proposed discovery requests, and so that it can identify up to one hundred additional defendants based on the notion that other individuals and entities might at some point in the past have come in contact, even indirectly, with that metadata.

Plaintiff's motion should be denied. Plaintiff bears the burden to establish a need for early discovery. However, before any discovery is allowed in this case, the Court should first determine whether Plaintiff has standing. After all, if the Court determines that it lacks subject matter jurisdiction in this case, no discovery would be appropriate. Defendants' motion to dismiss for lack of subject matter jurisdiction should be fully briefed and decided before Plaintiff's motion is entertained. Moreover, Plaintiff has failed to make the requisite showing for

expedited discovery. Plaintiff has provided no plausible basis for expecting that its discovery requests would yield relevant information. And despite Plaintiff's stated interest in possibly filing a motion for preliminary injunction, no such motion is currently pending. Nor has Plaintiff identified with any specificity additional defendants that are as yet unidentified, or explained why any relevant information in that regard could not simply be obtained in the regular course of proceedings, should the case survive Defendants' motion to dismiss.

In addition, the requests that Plaintiff has proposed to serve are overly broad and would impose substantial burdens on DEA, should it be required to respond. Plaintiff has provided no explanation as to why administrative subpoenas that might have been served over twenty years ago, which Plaintiff seeks through a Request for Production, could possibly be relevant to Plaintiff's claims for prospective relief. Plaintiff has also failed to explain why any individual who once came into contact with metadata – whom Plaintiff's proposed Interrogatory would require DEA to identify – would be a proper defendant in this action. Finally, Plaintiff's Request for Admission would improperly shift the burden to DEA to establish the fundamental presumption underlying Plaintiff's Complaint – that DEA does have "ongoing access" to the collected metadata – when Plaintiff has utterly failed to set forth any plausible facts in its Complaint to support that notion. Because Plaintiff's Complaint cannot survive a motion to dismiss, its request for discovery should be rejected.

## **BACKGROUND**

Plaintiff in this case seeks to challenge an alleged bulk collection by the DEA of telephone metadata pursuant to 21 U.S.C. § 876. Compl. ¶ 3 & Ex. A. Plaintiff filed its Complaint on April 7, 2015, asking the Court to enjoin future metadata collection and to declare such collection unconstitutional under the First and Fourth Amendments. *Id.* ¶¶ 61, 66. As the basis for the allegations in its Complaint, Plaintiff relies on statements in a declaration by a DEA employee that

2

was publicly filed in January 2015 in a pending criminal proceeding, *United States v. Hassanshahi*, No. 13-274, in the United States District Court for the District of Columbia. *See* Compl. Ex. A. Plaintiff named not only the DEA and DEA Administrator, but also the Federal Bureau of Investigation and its Director, the Department of Justice and the Attorney General, the Department of Homeland Security and its Secretary, the United States, and Does 1-100 as defendants. *Id.* ¶¶ 11-20.

No conference pursuant to Fed. R. Civ. P. 16 has yet taken place in this case, nor has the discovery period, as defined in Fed. R. Civ. P. 26(d)(1), commenced. Rather, on June 15, 2015, Defendants filed a motion to dismiss for lack of subject matter jurisdiction. In particular, Defendants explained in that motion that Plaintiff lacks standing to seek prospective relief – which is the only type of relief at issue in this case – because the bulk telephony metadata collection that it seeks to challenge ended over a year before the Complaint was filed, and the database that contained this metadata has been purged and no longer exists. *See* Memorandum in Support of Defendants' Motion to Dismiss, Dkt. No. 24. Indeed, Defendants argued in support of their motion that the DEA declaration upon which Plaintiff relies for its assertions contains information about the termination of the challenged bulk telephony metadata collection that renders Plaintiff's alleged ongoing or future injuries implausible. *Id.* at 8-10. Specifically, that declaration stated that as of September 2013, telephony metadata "is no longer being collected in bulk pursuant to 21 U.S.C. § 876." Declaration of Robert W. Patterson ("Patterson Dec.") ¶ 6, Compl. Ex. A. A second declaration, attached to Defendants' motion to dismiss, similarly stated that as of that time, "the data collection described [in the declaration] ceased, the data was quarantined, and no further queries of the data were made." Declaration of Robert W. Patterson ("Second Patterson Dec.") ¶ 3, Exhibit A to Defendant's Memorandum in Support of Motion to Dismiss, Dkt,. No. 24-2. That declaration also explained that "[p]rior

3

to April 7, 2015, the date of the Complaint in th[is] case, the database had been purged of the collected data, and the database no longer exists." *Id.*

Even though Agent Patterson's first declaration already rendered implausible any claims of "certainly impending" injury, *Clapper v. Amnesty International, USA*, 133 S. Ct. 1138, 1147 (2013), related to the bulk telephony metadata collection that had already ceased, not only did Plaintiff file this action but, on May 4, 2015, over a month before Defendants' response to Plaintiff's Complaint was due, Plaintiff also filed a Motion for Expedited Discovery. *See* Dkt. No. 11. Plaintiff identifies three discovery requests that it seeks to serve on one defendant, DEA. First, Plaintiff seeks to serve a Request for Admission, asking DEA to "Admit that YOU currently have ACCESS to COMMUNICATION RECORDS COLLECTED PURSUANT TO THE MASS SURVEILLANCE PROGRAM, including copies of COMMUNICATION RECORDS, no matter where those COMMUNICATION RECORDS currently reside." Pl. Mem. Ex. A, Dkt. No. 11-1, at 21. Second, Plaintiff seeks to serve a Request for Production, asking DEA to produce "All SUBPOENAS, issued as part of the MASS SURVEILLANCE PROGRAM, from 1992 to the present, for the production of call records to the following countries: Afghanistan, Columbia, Ecuador, Haiti, Honduras, India, Iran, Jamaica, Mexico, Pakistan, Peru, and Venezuela." Pl. Mem. Ex. B, Dkt. No. 11-1, at 26. Third, Plaintiff seeks to serve an Interrogatory, asking DEA to "Identify any and all AGENCIES that have, or had, ACCESS to COMMUNICATION RECORDS COLLECTED PURSUANT TO THE MASS SURVEILLANCE PROGRAM." Pl. Mem. Ex. C, Dkt. No. 11-1, at 35.

Plaintiff claims that discovery is necessary at this early stage "to inform its decision to seek a preliminary injunction, to ensure that all defendants are properly named, and to ultimately hasten resolution of this case." Pl. Mem. at 1. Plaintiff also argues that the discovery that it seeks is limited and will impose minimal burdens on Defendants. *Id.* at 7-10. As discussed below, Plaintiff errs on all counts,

4

and its request for expedited discovery should be denied.

## **ARGUMENT**

## I.   **NO DISCOVERY IS APPROPRIATE IN THIS ACTION BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S CLAIMS**

The circumstances—and common sense—demand denial of Plaintiff's motion. As a threshold matter, the Court lacks jurisdiction over this suit because Plaintiff's Complaint fails to set forth plausible allegations supporting its standing. Indeed, as explained above, the two declarations of DEA Special Agent Patterson now on the record in this case establish that the bulk telephony metadata collection that Plaintiff seeks to enjoin, and that Plaintiff asks this Court to declare unconstitutional under the First and Fourth Amendments, ended before this case was ever filed, as did any queries of such metadata, and the DEA database was purged and no longer exists. Patterson Dec. ¶ 6; Second Patterson Dec. ¶ 3. By separate motion, Defendants have explained in detail that this case should be dismissed for lack of jurisdiction, and hereby incorporate those arguments in support of dismissal herein. *See* Def. Mot. to Dismiss, Dkt. No. 24.

Without jurisdiction, the Court cannot take any action, including ordering expedited discovery. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause."); *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1016 (9th Cir. 2012) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868)); *Lion Raisins, Inc. v. Fanucchi*, 788 F. Supp. 2d 1167, 1174-75 (E.D. Cal. 2011) ("The requirement that jurisdiction be established as a threshold matter ... is inflexible and without exception . . . ." (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)). Accordingly, the Court should require Plaintiff to

respond to Defendants' motion to dismiss for lack of jurisdiction and decide that motion before allowing Plaintiff to short-circuit the process and embark on discovery regarding the merits of its allegations.

## II.   EVEN IF THE COURT HAD JURISDICTION, PLAINTIFF HAS NOT MADE THE REQUISITE SHOWING TO JUSTIFY EXPEDITED DISCOVERY

Even if Plaintiff's lack of standing did not bar its request at the outset, Plaintiff cannot show that expedited discovery would be appropriate. Plaintiff cannot obtain discovery before the parties have had their Rule 26(f) conference, absent a court order or a stipulation. Fed. R. Civ. P. 26(d)(1). The parties have not had a Rule 26(f) conference; indeed, as described above, Defendants have sought dismissal of this action for lack of subject matter jurisdiction. *See* Def. Mot. to Dismiss, Dkt. No. 24. Moreover, Defendants do not stipulate to Plaintiff's proposed discovery, for reasons that will be made clear below. Thus, Plaintiff must obtain a court order for its exceptional request. Because expedited discovery is a departure from usual discovery procedures, Plaintiff bears the burden of establishing the *need* for expedited discovery. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). Moreover, "in every case, the court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery." *Id.* at 1067 (internal quotation omitted).

Rule 26 does not establish a standard for evaluating requests for expedited discovery. Courts have created two tests for assessing such requests: a more stringent one, derived from *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982) (applying test similar to one for evaluating requests for preliminary injunctions), and a more lenient reasonableness, or good cause, standard, *e.g.*, *U.S. CFTC v. Crabapple Capital Group LLC*, 2012 WL 2930224, at *1 (N.D. Ga. April 19, 2012) (applying good cause standard); *see also, e.g.*, *Burns v. City of Alexander City*, 2014 WL 2440981, at *1 (M.D. Ala. May 30, 2014) (discussing two

6

standards); *Platinum Mfg. Intern'l, Inc. v. UniNet Imaging, Inc.,* 2008 WL 927558, at * 1 (M.D. Fla. April 4, 2008) (same). The Court need not decide which standard is more appropriate in this case because Plaintiff cannot even satisfy the more lenient good cause standard (which it adopts in its motion, Pl. Mem. at 5). Courts applying this test decide the request by "balancing the need for expedited discovery, in the administration of justice, against the prejudice to the responding party, and considering the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." *Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1067 n.4 (internal quotation omitted). As discussed below, Plaintiff's proposed discovery requests are neither reasonable nor necessary at this stage of the litigation, and DEA would be unduly prejudiced if it were required to respond to these requests.

## A.    Plaintiff's Assertion That It May File a Preliminary Injunction Does Not Justify Expedited Discovery

Plaintiff fails to provide reasonable justification for its requested discovery. Plaintiff argues that discovery is necessary "to determine whether to seek an early injunction." Pl. Mem. at 7. According to Plaintiff, the discovery that it wishes to serve on DEA concerns "the scope of the Program and [DEA]'s ongoing access to information collected through the Program." *Id.* However, courts "usually do not" find good cause for expedited discovery "when presented with a party's mere inclination to file" a motion for preliminary injunction. *Facebook, Inc. v. Various, Inc.*, No. 11-1805, 2011 WL 2437433, at *4 (N.D. Cal. June 17, 2011) (citing *Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 420 (D. Colo. 2003)).[1] Indeed, the absence of a currently pending motion for preliminary

_____

[1] While Plaintiff cites cases where expedited discovery was allowed without a pending motion for preliminary injunction, all four of those cases involved claims of infringement and unfair competition, a unique context where expedited discovery is more commonly allowed; in none of the cases had the defendant challenged the court's jurisdiction; and additional circumstances led the court to

injunction is a factor that weighs against expedited discovery, and "expedited discovery is not automatically granted" even where such a motion is pending. *Am. LegalNet, Inc.*, 673 F.Supp.2d at 1066.

Here, Plaintiff has raised no plausible allegation that DEA has "ongoing access" to the bulk telephony metadata that it previously collected as described in Agent Patterson's declaration, much less to any metadata concerning Plaintiff. To the contrary, as described above and in support of Defendants' motion to dismiss, Plaintiff's assertions in that regard are directly contradicted by Agent Patterson's declarations. Plaintiff's request for discovery aimed at determining the "scope" of such access is therefore based on nothing but bald conjecture. *Cf. Avo Multiamp Servs. Corp. v. Technical Diagnostic Servs., Inc.*, No. 97-3168, 1998 WL 25568 (N.D. Tex. Jan. 14, 1998) (finding that expedited discovery should not be allowed given that "Plaintiff's Complaint and Application for Preliminary Injunction does not contain any sworn evidence; the entire basis for the claim is made "upon information and belief."). Plaintiff has also failed to explain how such discovery,

conclude that expedited discovery was appropriate in that particular case. *E.g.*, *Interserve, Inc. v. Fusion Garage PTE, Ltd.*, No. 09-5812, 2010 WL 143665, at *2 (N.D. Cal. Jan. 7, 2010) ("It should be noted that courts have recognized that good cause is frequently found in cases involving claims of infringement and unfair competition."); *Apple Inc. v. Samsung Elec. Co.*, No. 11-1846, 2011 WL 1938154, at *2 (N.D. Cal. May 18, 2011) (recognized that, in light of the nature of the plaintiff's infringement claim, it had shown the potential for irreparable harm absent expedited discovery); *NobelBiz, Inc. v. Wesson*, No. 14-832, 2014 WL 1588715, at *2 (S.D. Cal. Apr. 14, 2014) (recognizing that the plaintiff had "proffered facts that provide a reasonable basis to believe that Defendant accessed" the plaintiff's laptop and confidential files, where the plaintiff alleged computer fraud and misappropriation of trade secrets); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276-77 (N.D. Cal. 2002) (noting, in a case involving patent infringement allegations, that the parties had been engaged in pre-litigation discussion for over a year, and that it was undisputed that "the requested information is relevant and will be produced in the normal course of discovery" in any event). Thus, none of these cases supports expedited discovery in the circumstances here.

8

even if it had some plausible basis, could affect Plaintiff's decision whether to seek a preliminary injunction.

Moreover, the discovery requests that Plaintiff has identified would not provide the information that it claims to need. Plaintiff's Request for Production, seeking subpoenas that were served as long as 23 years ago, could not possibly provide any information relevant to the "scope" of DEA's alleged "ongoing access" to bulk telephony metadata. Such a prospect appears even more remote given the fact, as explained by Agent Patterson, that the DEA database that stored the bulk telephony metadata collected through such subpoenas has been purged and no longer exists.

Similarly, Plaintiff's proposed Request for Admission would yield no relevant information. Under the terms of Plaintiff's proposed request, DEA would seemingly have to provide an admission if it had current access to a single record of telephony metadata, or if it had current access to thousands of such records. Such a response would thus indicate nothing about the "scope" of this alleged access. Moreover, Plaintiff's Complaint already presumes that DEA has such access, Compl. ¶ 37, even though it fails to identify any factual support for such a presumption. Far from providing information necessary to a motion for preliminary injunction, this Request seems aimed at nothing other than justifying Plaintiff's decision to file its Complaint in the first place, in effect circumventing its obligation to support the allegations in the Complaint with "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). But the Supreme Court has made clear that it is Plaintiff's "burden to prove standing by pointing to specific facts, not the Government's burden to disprove standing by revealing details" of its programs. *Amnesty Int'l*, 133 S. Ct. at 1149 n.4. Rather than justifying its request for expedited discovery, Plaintiff's request further demonstrates that the Court should decide Defendants' motion to

9

dismiss before it allows Plaintiff to proceed with a fishing expedition regarding a central, yet thus far unsupported, allegation in its Complaint.

### B.   Plaintiff's Asserted Need To Identify Additional Unnamed Defendants Does Not Justify Expedited Discovery

Plaintiff makes an additional argument in regard to the Interrogatory that it seeks to serve on DEA, which would require DEA to identify all "agencies" that "have, or had" access to any individual record collected as part of the bulk telephony metadata collection that Agent Patterson described.[2] Specifically, Plaintiff claims that service of this Interrogatory will facilitate service of the Complaint on the Does 1-100 that Plaintiff has identified as additional defendants in this case. Pl. Mem. at 9. However, the fact that Plaintiff speculates that as many as one hundred individuals or entities, in addition to the nine defendants it has already named, should be included as defendants in this case provides no justification for expedited discovery.

For one thing, Plaintiff fails to explain why the identification of such potential defendants is so urgent as to warrant early discovery. Some courts have suggested that early discovery "to identify unknown defendants" may be appropriate "when the plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces imminent destruction." *Facebook, Inc.,* 2011 WL 2437433, at *3 (collecting cases). However, neither circumstance applies here. As the court in *Facebook, Inc.* observed, in a case where the plaintiff has already identified a number of defendants, a plaintiff "may obtain discovery to identify Unnamed Defendants

---

[2] Plaintiff inappropriately defines "AGENCY" to include all "employees, officers, and officials" as well as entities, and broadly includes "any and all permanent or semi-permanent departments or organizations in the machinery of government— whether local, state, federal, international, or multi-jurisdictional—that are responsible for the oversight and/or administration of any functions" within its definition. Pl. Ex. C, Dkt. No. 11-1, at 33.

during the normal course of discovery." *Id.* The same is true here, should this case survive Defendants' motion to dismiss. Indeed, DEA, the intended recipient of the Interrogatory at issue, is one of those already-named defendants.[3]

Some courts have also identified other factors relevant to the reasonableness of expedited discovery to identify Doe defendants, including whether "the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court"; whether "the plaintiff has identified all previous steps taken to locate the elusive defendant"; whether "the plaintiff's suit against defendant could withstand a motion to dismiss"; and whether "the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible." *Camargo v. Miltiadous*, No. 14-4490, 2015 WL 1951799, at *2 (N.D. Cal. Apr. 29, 2015) (internal quotation omitted). In this case, Plaintiff has made no showing on any of these fronts in support of its motion, and all such factors weigh against allowing expedited discovery. Indeed, as already explained, a motion to dismiss is currently pending.

---

[3] Plaintiff refers to this Court's standing order, requiring identification and service upon any unnamed defendant within 120 days after a case is filed. Pl. Mem. at 9. However, if that requirement were alone sufficient to justify expedited discovery, any plaintiff could circumvent the usual requirements and obtain expedited discovery simply by including a Doe defendant in its complaint. Plaintiff fails to suggest, much less provide any support for the notion, that expedited discovery would be necessary to preserve claims against as-yet unknown potential defendants. After all, even if Does 1-100 were dismissed from this action due to Plaintiff's failure to comply with the standing order, Plaintiff could simply add a named defendant later, should this action survive Defendants' motion to dismiss, and should Plaintiff later identify an additional defendant in the course of normal discovery. Plaintiff has identified no prejudice that would result from following such a course of action. In contrast, Defendant DEA would be significantly prejudiced if it were subjected to the discovery that Plaintiff proposes, particularly at this point where Defendants have raised significant questions regarding this Court's subject matter jurisdiction.

Moreover, Plaintiff's Interrogatory is "so broad as to be implausibly tailored" for the purpose of identifying unnamed defendants. *See Facebook, Inc.*, 2011 WL 2437433, at *3. Plaintiff would require DEA to identify every individual or entity who ever "acquir[ed], collect[ed], retain[ed], possess[ed], observ[ed], receov[ed], or review[ed], whether done directly (i.e., by an AGENCY) or indirectly (i.e., by one AGENCY at the request of another AGENCY)," telephone metadata collected by the DEA in bulk pursuant to 21 U.S.C. § 876. *See* Pl. Mem. Ex. C, Dkt. No. 11-1, at 33 (definition of "ACCESS"), 35. First of all, Plaintiff has not set forth plausible allegations in its Complaint suggesting that *any* agency other than DEA (including those other agencies already named as defendants) ever directly accessed any of the bulk telephony metadata collected by DEA in the past, much less telephony metadata related to Plaintiff, nor that any such agency would be able to access such metadata in the future now that the DEA database that held this metadata has been purged. *See* Def. MTD Mem. at 12 n.3; Second Patterson Dec. ¶ 3, *id.* Ex. A.

Second, as explained in Defendants' Memorandum in support of its Motion to Dismiss, the possibility that an individual or agency (including DEA itself) may have collected, acquired, or seen such metadata in the past has no bearing on whether that individual or agency would be a proper defendant for purposes of the prospective relief that Plaintiff seeks in this action. *See* Def. MTD Mem. at 7-13; *Ervine v. Desert View Regional Med. Ctr. Holdings, LLC*, 753 F.3d 862, 868 (9th Cir. 2014) (where a plaintiff seeks prospective relief, "it is not the presence or absence of a *past* injury that determines Article III standing," but instead it is "the imminent prospect of future injury" (emphasis added) (internal quotation omitted)); *Gordon v. City of Moreno Valley*, 687 F. Supp. 2d 930, 938 (C.D. Cal. 2009) (recognizing that the "likelihood of a future injury" – which a plaintiff must establish in order to proceed with a claim for prospective relief – "cannot be based solely on the defendant's conduct in the past"). That is clearly the case here where

12

DEA ceased bulk telephony metadata collection in 2013. And even if Agent Patterson's statements in that regard were not already in the record, Plaintiff fails to identify an appropriate time period covered by its Interrogatory. On that basis alone, the Interrogatory seeks information that could not conceivably be relevant to Plaintiff's prospective claims.

Third, Plaintiff's Complaint does not even attempt to suggest that any individual ever had access to telephony metadata collected in bulk by the DEA, other than in that individual's official capacity as an employee of DEA or another agency. It would simply be superfluous to name every such individual employee as a defendant in an action such as this, where only prospective relief is sought. After all, if Defendants' Motion to Dismiss were denied, and Plaintiff were ultimately to prevail and obtain an injunction against DEA or another agency, that injunction would apply to employees of DEA or the other agency as well. Plaintiff therefore fails to justify its request to serve this Interrogatory on DEA on an expedited basis. Indeed, this overly broad and largely irrelevant Interrogatory would be subject to many of the same objections discussed above even if it were served in the regular course of discovery.

## C. Responding to Plaintiff's Proposed Discovery Requests Would Be Unduly Burdensome

Although Plaintiff repeatedly characterizes its expedited discovery as "limited" and "narrow," its proposed requests are in fact extremely broad, and the burden of responding to them would be substantial. For example, Plaintiff's proposed Interrogatory could be read to require DEA to attempt to track down every individual or entity who ever had access, at any time, whether directly or indirectly, to a single telephony metadata record that was part of DEA's now-discontinued bulk collection pursuant to 21 U.S.C. § 876. Plaintiff's proposed Request for Admission could similarly be read to require DEA to make a good

13

faith effort to determine whether any DEA employee still has access to a single telephony metadata record. And Plaintiff's proposed Request for Production would, unless narrowed, require DEA to search files over a time span of over twenty years – a time-consuming effort that would require looking through archives to determine if such documents exist and have been retained. On the whole, these circumstances amply demonstrate that Plaintiff's motion for expedited discovery should be denied. As discussed above, most if not all of the information and documents that Plaintiff proposes to request have little if any relevance to Plaintiff's claims and no bearing on the outcome of this case. Imposing such burdens on DEA is therefore unjustified at any stage, and all the more so before Defendants' motion to dismiss is decided.

## **CONCLUSION**

Defendants respectfully requests that the Court deny Plaintiff's motion.


Dated: June 22, 2015              Respectfully submitted,

                                  BENJAMIN C. MIZER
                                  Principal Deputy Assistant Attorney General
                                  EILEEN DECKER
                                  United States Attorney
                                  JOHN R. TYLER
                                  Assistant Director, Federal Programs Branch


                                   /s/ Kathryn L. Wyer
                                  KATHRYN L. WYER (Utah #9846)
                                  U.S. Department of Justice, Civil Division
                                  20 Massachusetts Avenue, N.W.
                                  Washington, DC  20530
                                  Tel. (202) 616-8475/Fax (202) 616-8470
                                  kathryn.wyer@usdoj.gov
                                  *Attorneys for the Defendants*

14