1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
EILEEN DECKER
United States Attorney
JOHN R. TYLER
Assistant Director, Federal Programs Branch
KATHRYN L. WYER (Utah Bar #9846)
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel. (202) 616-8475/Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMAN RIGHTS WATCH,<br><br>                Plaintiff,<br><br>        v.<br><br>DRUG ENFORCEMENT<br>ADMINISTRATION et al.,<br><br>                Defendants. | NO. CV 2:15-2573 PSG (JPR)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST TO CONTINUE HEARING**<br><br>Date:<br>Time:<br>Courtroom 880 – Roybal<br>Hon. Philip S. Gutierrez |

Defendants hereby respectfully submit this brief response to Plaintiff's Opposition to Defendants' Request to Continue Hearing (Dkt. No. 28), in order to contest two points made by Plaintiff that are contrary to the record.

First, Plaintiff repeatedly characterizes Defendants' Motion to Dismiss as a "factual attack" on Plaintiff's standing. However, Defendants' Motion to Dismiss primarily presents a facial attack, based on the standards set forth in *Bell Atlantic*

Defendants' Response to Plaintiff's Opposition to Defendants' Request to Continue/Combine Hearing
Case No. CV 2:15-2573 PSG (JPR)

1  *Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662
2  (2009), relying on the face of the Complaint as well as documents attached thereto
3  and incorporated therein. Indeed, a review of Defendants' Memorandum in support
4  of its Motion to Dismiss clearly shows that Defendants cite only one piece of
5  "extrinsic" evidence – a second declaration by DEA Special Agent Robert
6  Patterson – and primarily cite that declaration only as additional corroboration of
7  Agent Patterson's first declaration, which Plaintiff attached to its Complaint, and
8  which therefore counts as part of the Complaint rather than as "extrinsic." *See* Def.
9  Mem. (Dkt. No. 24-1). The Court can address and resolve Defendants' Motion to
10 Dismiss without any discovery.

11      Second, Plaintiff now treats its Motion for Expedited Discovery as if it were
12 seeking jurisdictional discovery in order to contest Defendants' Motion to Dismiss.
13 The record demonstrates that Plaintiff has it backwards. After all, Plaintiff filed its
14 motion first, claiming a need to expedite discovery on the merits. *See* Dkt. No. 11.
15 Nowhere in Plaintiff's motion did it suggest that the discovery sought through that
16 motion would address jurisdictional issues. And indeed, the discovery that Plaintiff
17 seeks would not address the arguments raised in Defendants' Motion to Dismiss –
18 nor could any discovery address the facial defects in the Complaint that are
19 identified in Defendants' Motion.

20      Defendants therefore respectfully continue to urge the Court to resolve
21 Defendants' Motion to Dismiss before it considers Plaintiff's Motion for Expedited
22 Discovery, and to continue the hearing on Plaintiff's motion so that it coincides
23 with the hearing on Defendants' Motion to Dismiss.

24

25      Dated:  July 8, 2015               Respectfully submitted,

26

27                                         BENJAMIN C. MIZER
                                           Principal Deputy Assistant Attorney General
28                                         EILEEN DECKER

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States Attorney
JOHN R. TYLER
Assistant Director, Federal Programs Branch

 /s/ Kathryn L. Wyer
KATHRYN L. WYER (Utah #9846)
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Tel. (202) 616-8475/Fax (202) 616-8470
kathryn.wyer@usdoj.gov
*Attorneys for the Defendants*