1  BENJAMIN C. MIZER
   Principal Deputy Assistant Attorney General
2  EILEEN DECKER
3  United States Attorney
   JOHN R. TYLER
4  Assistant Director, Federal Programs Branch
5  KATHRYN L. WYER (Utah Bar #9846)
   U.S. Department of Justice, Civil Division
6  20 Massachusetts Avenue, N.W.
7  Washington, DC  20530
   Tel. (202) 616-8475/Fax (202) 616-8470
8  kathryn.wyer@usdoj.gov
9  *Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HUMAN RIGHTS WATCH,<br><br>           Plaintiff,<br><br>    v.<br><br>DRUG ENFORCEMENT<br>ADMINISTRATION et al.,<br><br>           Defendants. | NO. CV 2:15-2573 PSG (JPR)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S REQUEST FOR EVIDENTIARY HEARING AND DISCOVERY**<br><br>Hearing Date:<br>Hearing Time:<br>Courtroom:     880 – Roybal<br><br>Hon. Philip S. Gutierrez |

Plaintiff has filed a request for evidentiary hearing and discovery, arguing that discovery is necessary "in order to resolve certain disputed facts related to jurisdiction." Pl. Req. (Dkt. No. 33) at 1. Defendants oppose Plaintiff's request because no discovery is needed to resolve Defendants' pending Motion to Dismiss. As Defendants have explained in support of that Motion, Plaintiff's Complaint fails to set forth plausible allegations to support its standing at the pleading stage, as required under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See* Defs. Mot. (Dkt. No. 24); Defs. Reply (Dkt. No. 34).

The Ninth Circuit recognizes that a request for jurisdictional discovery may be denied unless a plaintiff can show that such denial "results in actual and substantial prejudice" to it. Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008). Where a court lacks jurisdiction as a matter of law – for example, where the face of a plaintiff's complaint fails to satisfy the plausibility standard of *Twombly* and *Iqbal* – a district court is well within its discretion to deny a request for discovery. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (affirming denial of request for additional jurisdictional discovery where such discovery "would not be helpful," given that jurisdiction did not exist "[a]s a matter of law"). Indeed, the Ninth Circuit has expressly held that the *Twombly/Iqbal* plausibility requirement must be satisfied before a court allows discovery. *See Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (recognizing that, under *Iqbal*, "plaintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it"). The court in *Mujica* therefore declined to remand the plaintiff's suit for further consideration after a motion to dismiss had been granted because no discovery would be appropriate on remand at that stage, and the plaintiff would therefore be unable to "add 'sufficient factual matter'" to its complaint. *Id.*

Here, Plaintiff seeks to justify its request on the basis that Defendants

1

attached a declaration to their Motion to Dismiss. *See* Pl. Req. at 1. However, as the cases cited above make clear, the submission of extrinsic evidence in support of a Rule 12(b)(1) motion to dismiss does not automatically entitle the other party to jurisdictional discovery. Plaintiff has conceded that the Declaration of Robert W. Patterson attached to Defendants' Motion, which supplemented an earlier Declaration of Robert W. Patterson that Plaintiff itself attached to its Complaint, largely repeats the same information in the initial declaration. *See* Pl. Opp. (Dkt. No. 32), at 16. That information is considered part of Plaintiff's Complaint for purposes of a facial challenge to Plaintiff's standing. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The inclusion of that same information in Agent Patterson's second declaration does not open the door to discovery. The information that was simply repeated includes the facts that use of the DEA database that stored the telephony metadata previously collected in bulk pursuant to 21 U.S.C. § 876 was suspended in September 2013, and that no further collection of metadata or queries of the database were conducted since that time. Declaration of Robert W. Patterson ("Patterson Dec.") ¶ 6, Dkt. No. 1-1; Declaration of Robert W. Patterson ("Second Patterson Dec.") ¶ 3, Dkt. No. 24-2.

     Agent Patterson's second declaration also provides an additional piece of information not in his initial declaration – specifically, that the DEA database that stored the telephony metadata previously collected in bulk pursuant to 21 U.S.C. § 876 was purged of the metadata before April 7, 2015, the date this suit was filed. Second Patterson Dec. ¶ 3. The additional piece of information provided by Agent Patterson supports an alternative argument that relates solely to Plaintiff's allegation that DEA *retains* telephony metadata relating to Plaintiff. Again, however, even discovery limited to that narrow issue is not warranted at this stage. Defendants have explained that Plaintiff's contention that DEA and other agencies retain its metadata is pure speculation, based on the face of Plaintiff's Complaint. Indeed, Plaintiff failed to include the requisite level of specificity when alleging

that DEA ever collected its metadata in the first place. Further details regarding the database purge are therefore unnecessary to hold that Plaintiff lacks standing based on the face of its Complaint. The Court should consider and rule upon Defendants' Motion to Dismiss before allowing any discovery.

Moreover, this Court has previously advised Plaintiff, when denying its prior Motion for Expedited Discovery, that any request for jurisdictional discovery should be "tailor[ed] . . . to jurisdictional issues." Order of July 10, 2015, at 6, Dkt. No. 31. Rather than attempting to engage in such tailoring, Plaintiff largely reasserts a supposed need to propound the very same discovery that this Court rejected in connection with Plaintiff's expedited discovery motion. *See* Pl. Req. at 1-2. Plaintiff fails to explain how "copies of all subpoenas issued by Defendant DEA to telecommunication carriers . . . from 1992 to the present," Pl. Req. at 1-2, would have any bearing on the purging of the DEA database that Agent Patterson described. Discovery aimed at "whether [Plaintiff's] records have been collected" is beyond the scope of the additional information provided in Agent Patterson's second declaration. Moreover, Plaintiff cannot support a request for discovery at this stage based on nothing "more than a hunch that it might yield jurisdictionally relevant facts." *Boschetto*, 539 F.3d at 1020.

Similarly, "the names of all government agencies that have accessed, either directly or indirectly, records collected" pursuant to 21 U.S.C. § 876, Pl. Req. at 2, is not tailored to address Agent Patterson's description of the purging of the DEA database. Again, this request exceeds the scope of Agent Patterson's second declaration. Moreover, nowhere on the face of Plaintiff's Complaint is there any specific fact that supports the notion that any government agency other than DEA ever had telephony metadata relating to Plaintiff. Indeed, Plaintiff's Complaint does not sufficiently support the notion that DEA itself ever had such metadata. Plaintiff's requested discovery would allow it to circumvent entirely the *Twombly/Iqbal* requirement, and its request should therefore be denied.

Plaintiff also seeks to depose Agent Patterson, not only about the purging of the database but also about "jurisdictional facts not included in his declaration," including "the scope of DEA's call record collection; the scope and involvement of other agencies in the Program; the method used to provide records to other agencies; the legal and technical circumstances under which call records from the Program were queried; the scope of queries, including whether query-results involved multiple 'hops' between records;" and "the reason" that DEA purged the database. Pl. Req. at 3. The extremely broad scope of Plaintiff's requested discovery here would essentially cover all aspects of the alleged bulk telephony metadata collection that Plaintiff seeks to challenge under the First and Fourth Amendments. Such far-ranging discovery, to the extent it is appropriate at all, belongs in the merits phase of this case – in the event that Defendants' Motion to Dismiss is denied. As this Court already recognized in connection with the requests identified in Plaintiff's prior expedited discovery motion, "[r]ather than a targeted search for only currently offending conduct, Plaintiff's requests represent a more general fact-finding inquiry about the historical and current scope of the Program and its players." Order of July 10, 2015, at 5. As this Court correctly held, such "excessively broad" expedited discovery requests are inappropriate, particularly at this early stage of the case. *See id.* For similar reasons, Plaintiff's attempt now to couch its proposed deposition of Agent Patterson, as well as its other proposed requests – all addressing an excessively broad range of issues when Plaintiff has failed even to establish its standing based on the face of its Complaint – as "jurisdictional discovery" should be soundly rejected, and its request should be denied.

Dated: August 3, 2015           Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

4

| | |
|---|---|
| 1 | EILEEN DECKER |
| | United States Attorney |
| 2 | JOHN R. TYLER |
| 3 | Assistant Director, Federal Programs Branch |
| 4 | |
| | /s/ Kathryn L. Wyer |
| 5 | KATHRYN L. WYER (Utah #9846) |
| | U.S. Department of Justice, Civil Division |
| 6 | 20 Massachusetts Avenue, N.W. |
| 7 | Washington, DC  20530 |
| | Tel. (202) 616-8475/Fax (202) 616-8470 |
| 8 | kathryn.wyer@usdoj.gov |
| 9 | *Attorneys for the Defendants* |

5

Defendants' Opposition to Plaintiff's Request for Evidentiary Hearing and Discovery
Case No. CV 2:15-2573 PSG (JPR)